NUNZIO CRISTO, APPELLANT, v. STANDARD OIL COMPANY, RESPONDENT.

Submitted March 26, 1923—Decided June 18, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The petitioner asks to review the validity of a judgment of the Court of Common Pleas dismissing his petition for compensation under the Workmen's Compensation act for the reason that the petition was not filed within a year from the time of the happening of the accident as required by the act. The argument advanced by counsel in behalf of prosecutor, that because no injurious results developed from the accident which prevented the prosecutor from continuing in his employment until after expiration of a year from the time he received the injury, that, therefore, the time of the running of the statute was automatically suspended until such injurious results developed, is palpably unsound. The Court of Common Pleas properly dismissed the petition.

"Writ is dismissed and judgment affirmed."

For the appellant, *Gaetano M. Belfatto.*

For the respondent, *James M. Hayes, Josiah Stryker* and *James E. M. Tams.*

PER CURIAM.

The appellant filed a petition with the workmen's compensation bureau, on September 27th, 1921, claiming compensation for an injury that occurred on March 25th, 1920, while he was working for defendant. He continued to work until March 20th, 1921, when he went to the hospital. The deputy commissioner before whom the case was tried dismissed the petition because it was not filed within one year from the date of the accident, as provided for in the Workmen's Compensation act. The petitioner appealed to the Essex Common Pleas, which dismissed the appeal, and he removed the order of the Common Pleas into the Supreme Court by *certiorari,* where the order of the Common Pleas was affirmed. He now appeals here. The Supreme Court says that petitioner asked to review the validity of a judgment of the Court of Common Pleas dismissing his petition for compensation under the statute, for the reason that the petition was not filed within a year from the happening of the accident, as required by the act. This is not an accurate statement. The motion to dismiss the petition was made to the workmen's compensation bureau and was granted by it. The motion in the Common Pleas was not to dismiss the *petition* for compensation—the bureau had done that—but was to dismiss the *appeal* from that decision, and it was dismissed for the same reason that moved the deputy commissioner to dismiss the petition. With the opinion in other respects we are content.

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 10.

*For reversal*—None.